IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LANCE JAMES WELLS, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:14-CV-2874-G-BH |
| | § | |
| SOUTHWESTERN ASSEMBLIES OF | § | |
| GOD UNIVERSITY, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* case has been automatically referred for pretrial management. Before the Court for recommendation is *Defendant's 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction, 12(b)(6) Motion to Dismiss for Plaintiff's Failure to State a Claim, or in the Alternative, for a More Definite Statement, and Brief in Support*, filed January 7, 2015. (doc. 15.)  Based on the relevant filings and applicable law, the motion to dismiss for lack of subject matter jurisdiction should be **GRANTED.**

**I. BACKGROUND**

On August 11, 2014, Lance James Wells (Plaintiff) filed suit against Southwestern Assemblies of God University (Defendant), asserting causes of action for breach of contract and defamation arising from his time as a student and student worker/employee. (docs. 3 at 1, 4; 17 at 1-3.)[1] Defendant contends that Plaintiff worked as a full-time temporary employee from June 23, 2008 to September 6, 2008, and that he was enrolled as a student for several semesters between 1999 and 2009. (doc. 15 at 3.)  Plaintiff claims that after a complaint of sexual harassment was lodged against him, Defendant failed to properly investigate the complaint and instead dismissed him. (doc. 17 at 1-

---

[1] Citations to the record refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

3.) At the time he filed suit, Plaintiff was a citizen of Texas. (doc. 5 at 5.) Defendant is incorporated and has its principal place of business in Texas. (doc. 15 at 2.)

Defendant moves to dismiss this action for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, or in the alternative, for a more definite statement. (*Id*. at 3-5.) With timely-filed responses (docs. 17, 18)[2] and reply (doc. 20), the motions are now ripe for recommendation.

## II. RULE 12(b)(1) MOTION

Defendant first moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1). (doc. 15.)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative at any stage in the litigation, even after trial and the entry of judgment."*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006). A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th

---

[2] Plaintiff also filed two other documents in support of his response without leave of court. (*See* docs. 21, 22); *see also* L.R. 56.7 ("Except for the motions, responses, replies, briefs, and appendixes required by these rules, a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence."). Courts must construe the pleadings of *pro se* litigants liberally, as they are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89 (2007). Accordingly, these documents are considered in conjunction with Plaintiff's response to Defendant's motion to dismiss.

Cir. 1998). The dismissal "is not a determination of the merits," and "it does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

**A.    Legal Standard**

A district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981) (en banc).  A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id*. Facial attacks are usually made early in the proceedings. *Id.* "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F.Supp. 876, 878 (N.D. Tex. 1998) (citation omitted). However, if the defendant supports the motion with evidence, then the attack is "factual," and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413.  A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp*., 613 F.2d 507, 511 (5th Cir.1980).  Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming*, 281 F.3d at 161.

Defendant relies solely on Plaintiff's complaint to support its 12(b)(1) motion to dismiss.

3

Accordingly, the motion presents a facial attack that does not require the resolution of factual matters outside the pleadings. *See Williamson*, 645 F.2d at 412–13.

**B.      Federal Question Jurisdiction**

Defendant first argues that Plaintiff has not raised a federal question in his complaint. (doc. 20 at 2.)

Federal question jurisdiction exists when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987). A complaint presents a federal question on its face when it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

The Supreme Court and the Fifth Circuit have consistently noted "the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Singh*, 538 F.3d 334 at 338 (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986)). Even the "fact that a substantial federal question is necessary to the resolution of a state-law claim is not sufficient to permit federal jurisdiction." *Id*. (citation omitted). A federal issue embedded in a state claim establishes federal jurisdiction only when: "(1) resolving [the] federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.* at 338. All four factors must be met. *See id.*

Here, the only claims that Plaintiff identifies are state law claims, i.e., breach of contract and

4

defamation. Moreover, Plaintiff's complaint includes no jurisdictional assertions, and he has not alleged that his right to relief necessarily depends on resolution of a substantial question of federal law. (doc. 3.) According to Plaintiff:

> Jurisdiction of the U.S. District Court of Northern Texas exists because the city of Waxahachie and Ellis county are subject to US district court of Northern Texas they fall under this district. S.A.G.U receives federally funded student grants and Loans from an Government funded agencies which are federally regulated. Also these issue effect students ability to pay and credit scores nation wide and world wide.

(doc. 18 at 1; *see also* doc. 21 at 1.) Although he makes references to Defendant's receipt of federally funded loans and grants, he neither identifies nor asserts any federal causes of action against it relating to those loans or grants. Neither does he make any allegations to support any federal cause of action against Defendants. "Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332." *Johnson v. Retail Plaza Inc*., No. 3:12–CV–5001–B, 2012 WL 6950308, at *1 (N.D. Tex. Dec. 31, 2012), *adopted by*, 2013 WL 323330 (N.D. Tex. Jan. 25, 2013). Accordingly, no federal question jurisdiction exists over this case.

### C.     Diversity Jurisdiction

Defendant also alleges that diversity jurisdiction does not exist, since both Plaintiff and Defendant are Texas citizen, and that Plaintiff conceded this point in his complaint. (doc. 15.)

Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. "Complete diversity" of citizenship means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). "The citizenship of a party at the commencement of the action is controlling for purposes of determining diversity jurisdiction and subsequent actions do not affect the court's jurisdiction." *Aetna Cas. & Sur. Co. v.*

5

*Hillman*, 796 F.2d 770, 776 (5th Cir. 1986) (citing *Oliney v. Gardner*, 771 F.2d 856, 858 (5th Cir. 1985); *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 54 (5th Cir. 1970)). "Jurisdiction cannot be created retroactively by substituting a diverse claimant for a nondiverse party." *Id.* (citing *Field*, 626 F.2d at 304-05). When a federal court lacks complete diversity of citizenship, the federal district court has no subject matter jurisdiction and the court must dismiss the action. *Id.* (citing Fed. R. Civ. P. 12(h)(3)).

Here, it is undisputed that Defendant is considered a Texas citizen. (docs. 3 at 6; 15 at 3.) Accordingly, Plaintiff's citizenship determines whether complete diversity exists. As noted, Plaintiff's citizenship for diversity purposes was fixed when he first filed his complaint. *Aetna*, 796 F.2d at 776. In his complaint, Plaintiff identified himself as a "Citizen of the State of Texas". (doc. 3 at 2.) Because Plaintiff and Defendant are both citizens of the same state, complete diversity cannot exist by definition. *See Whalen*, 954 F.2d at 1094.

Plaintiff's complaint fails on its face to establish federal questions jurisdiction or diversity jurisdiction. Therefore, no subject matter jurisdiction exists over this case.[3]

## V. RECOMMENDATION

The motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction should be **GRANTED**. The remaining motions to dismiss under Rule 12(b)(6) or for more definite statement should be denied as **MOOT**.

---

[3] Because dismissal is required under Rule 12(b)(1), it is not necessary to consider Defendant's motion to dismiss under Rule 12(b)(6) or to consider Defendant's motion in the alternative that Plaintiff be ordered to amend his complaint to provide a more definite statement.

**SO RECOMMENDED** on this 25th day of August, 2015.

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE